SAGA BROADCASTING
CORP., Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,

Community Broadcasters Association,
Intervenor for Petitioner.

Nos. 01–1249, 01–1293.

United States Court of Appeals,
District of Columbia Circuit.

April 22, 2002.

Before GINSBURG, Chief Judge, and SENTELLE, and HENDERSON, Circuit Judges.

## JUDGMENT

PER CURIAM.

These consolidated petitions were considered on the record from the Federal Communications Commission and on the briefs of the parties. It is

ORDERED AND ADJUDGED that the petition for review in No. 01–1249 be dismissed and the petition for review in No. 01–1293 be denied for the reasons given in the attached memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

■ The petitioners contend that regulations to establish a Class A lower power television (LPTV) license, *see Establishment of a Class A Television Service*, 15 FCC Rcd. 6355 (2000) (*Report & Order*), promulgated by the Commission pursuant to the Community Broadcasters Protection Act of 1999, are (1) arbitrary and capricious or contrary to the Act, and (2) unconstitutional under the First Amendment to the United States Constitution. The first challenge is to six aspects of the regulations: (a) the six month time period for filing applications; (b) the limitation of eligibility to stations that filed a certifica-

tion within 60 days of the Act's passage; (c) the Commission's decision not to promulgate alternative eligibility standards; (d) the definition of "programming produced within the market area"; (e) the failure to adopt regulations providing for the automatic issuance of an additional license for digital television (DTV) to Class A stations; and (f) the decision to attach the suffix "CA" to the names of Class A stations. The Commission questioned Kelly's standing and the court asked for supplemental briefing on that issue. We also ordered Saga to show cause why its petition should not be dismissed for failure to prosecute. We now hold that Kelly lacks standing to raise all but one of his challenges (which we reject on the merits), and we dismiss Saga's petition for failure to prosecute.

To have standing Kelly must show that (1) he suffered an injury in fact that is (a) "concrete and particularized," and (b) "actual or imminent, not conjectural or hypothetical"; (2) there is "a causal connection between the injury and the conduct complained of"; and (3) it is "likely . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The facts relevant to Kelly's standing are not disputed. Kelly is the licensee of two LPTV stations in Maryland and is the part owner of a corporate licensee of two LPTV stations in Virginia. The Maryland stations are not eligible for Class A status in part because they were not operating prior to passage of the Act. The Virginia stations are Class A stations. Kelly says he is injured because he is unable "to become a Class A licensee with his [Maryland] stations" and because the Commission refuses to allow his Virginia stations "to be awarded a second channel." Although he does not mention any other injury in his supplemental brief, Kelly is self-evidently burdened by the require-ment that his Virginia stations use the suffix "CA."

The Commission argues that Kelly has not shown an actual or imminent injury because he does not claim to have a "present intent to seek Class A status for his [Maryland] stations," and he does not contend that he has "filed or sought to file or [has] any plans to file an application for a DTV license" with respect to his Virginia stations. We agree. Although he was given the opportunity to demonstrate his standing, nowhere in his supplemental brief does Kelly state that he would apply for Class A status for his Maryland stations if he were not plainly ineligible or that he would apply for an additional DTV channel for his Virginia stations if the Commission were giving them to Class A stations. All Kelly asserts is that he "has suffered a personal injury through his inability to become a Class A licensee with his [Maryland] stations, which otherwise constitutes a benefit," and that "[t]he inability to receive a second channel is . . . a concrete harm." Having failed to assert even generally that he would, but for the challenged regulations, seek Class A status and additional channels, Kelly has not shown that he suffers an actual or imminent injury from the Class A requirements or the Commission's decision not to issue additional DTV channels to Class A stations. *See Alaska Legislative Council v. Babbitt*, 181 F.3d 1333, 1339 (D.C.Cir.1999) (lost opportunity to hunt and fish on public lands, without specific plans to do so, does not establish standing); *see also Lujan*, 504 U.S. at 562–64, 112 S.Ct. 2130 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that out cases require").

■ The Commission also argues that even if Kelly intended to seek Class A status for his Maryland stations he would be unable to do so "irrespective of the eligibility rules about which [he] complains." As Kelly acknowledges, his Maryland stations are not eligible for Class A status for the additional reason that the Act provides that the "Commission may not grant a class A license to a low-power television station for operation between 698 and 806 megahertz," 47 U.S.C. § 336(f)(6)(A), and Kelly's stations—licensed to channels 61 and 63—fall within this range, see *Report & Order*, 15 FCC Rcd. ¶ 96 (channels 52–69 operate between 698 and 806 megahertz). Kelly argues—or rather asserts—that "[ ]the fact that the [Maryland] stations might not ultimately be capable of being awarded Class A status because of their location above the core group of channels eligible for Class A status is no bar to standing." On the contrary, however, if the Maryland stations are ineligible for Class A status regardless whether the challenged requirements are vacated, then a decision in Kelly's favor will not redress the harm of which he complains. Kelly might attempt to relocate the stations to lower channels but he has not said he intends to do so. Kelly states only: "it is possible that the two stations could relocate to channels in the core group." In these circumstances, Kelly cannot show that a decision in his favor is "likely" to redress the harm of which he complains. For this additional reason we conclude again that Kelly lacks standing to challenge the requirements for Class A status and the Commission's decision not automatically to award an additional DTV channel to Class A stations.

■ Kelly does have standing to challenge the Commission's decision to assign Class A stations the suffix "CA" because the Virginia stations are subject to this requirement. We therefore consider this challenge on the merits.

Full-power stations have no suffix requirement but LPTV stations must use the suffix "LP." Kelly argues that Class A stations should not be required to use the suffix "CA" in their names. He contends the Commission has put forward no valid reason for requiring the suffix. The Commission responds that "administrative convenience and common sense ought to be an adequate explanation for a matter such as this." The Commission also notes that there is no harm to Class A licensees because they are not required to use the suffix in promoting their stations. We agree with the Commission that administrative convenience in identifying a station as being in Class A justifies this apparently innocuous requirement.

■ Finally, we dismiss Saga's petition for failure to prosecute. *See* D.C.Cir. Rule 38. The briefs purportedly submitted on behalf of Saga (and Kelly) were signed only by Kelly, "Pro Se." As we noted in the order directing Saga to show cause why its petition should not be dismissed, "it is well established that a corporation may not appear in federal court other than through a licensed attorney." *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *American Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n. 14 (D.C.Cir. 1984); *Jones v. Niagra Frontier Transportation Authority*, 722 F.2d 20, 21 (2d Cir.1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread"). In response to the order Saga argues that it "fully supports and endorses the arguments" in Kelly's brief, but it does not contend that Kelly is a licensed attorney acting on its behalf. Consequently, Saga has failed properly to prosecute its peti-

tion. *Cf. Garden State Limited Partnership v. FCC*, 996 F.2d 386, 388 n. 1 (D.C.Cir.1993) (dismissal for failure to prosecute based upon failure to file brief).